UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TAMPA
TAMPA DIVISION

WAGNER HSTI ROTTER,

        Petitioner,

v.                                                            Case. No. 8:07-CV-00776-T-24EAJ
                                              8:02-CR-00435-T-24EAJ

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This cause comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 and memorandum in support.  (Doc. Nos. cv-1 &

cv.-2.)  The United States filed a response in opposition to Petitioner's motion.  (Doc. No. cv-7.)

Petitioner then filed a traverse to the government's response.  (Doc. No. cv-8.)  After careful

consideration of the parties' submissions, together with the files, records, and transcripts relating

to Petitioner's trial and sentencing hearing, this Court has determined that Petitioner's motion

pursuant to 28 U.S.C. § 2255 should be **DENIED**.

## I.      PROCEDURAL HISTORY

On October 30, 2002, a federal grand jury returned an indictment charging Petitioner

with possessing five kilograms or more of a mixture or substance containing a detectable amount

of cocaine while aboard a vessel subject to the jurisdiction of the United States (count one), in

violation of 46 U.S.C. App. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii);

and conspiracy to possess five kilograms or more of cocaine with the intent to distribute it while

aboard a vessel subject to the jurisdiction of the United States (count two), in violation of 46

U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  (Doc. No. cr-1.)

On May 27, 2003, a jury found Petitioner guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (count two), and not guilty of possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (count one).  (Doc. No. cr-279.)  On August 20, 2003,  Petitioner was sentenced to serve 235 months of imprisonment, to be followed by sixty months of supervised release.  (Doc. No. cr-405.)

Petitioner appealed the judgment and sentence to the United States Court of Appeals for the Eleventh Circuit, and raised the following issues on appeal:

      a.      whether the evidence presented at trial was sufficient to support Petitioner's conviction;

      b.      whether this Court erroneously denied Petitioner's motion to dismiss the indictment for lack of jurisdiction over the vessel MARTITA LAU;

      c.      whether the Maritime Drug Law Enforcement Act is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and

      d.      whether this Court erred in denying the petitioner a minor role.

The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on November 30, 2006.  (Doc. No. cr-579.)

On May 4, 2007, Petitioner filed a timely Title 28 U.S.C. §2255 motion and supporting memorandum asserting one claim-- ineffective assistance of counsel.  (Doc. Nos. cv-1 & cv-2.) The government filed a response in opposition to Petitioner's motion on July 18, 2007.  (Doc. No. cv-7.)  Petitioner then filed a traverse to the government's response on August 9, 2007. (Doc. No. cv-8.)

## II.      PETITIONER'S CLAIM

Petitioner asserts  that his trial counsel was ineffective because his counsel "[f]ail[ed] to advise petitioner adequately about the benefits and consequences of going to trial versus pleading guilty."  (Doc. No. cv-1.)  Petitioner alleges that if his counsel had properly advised him that pleading guilty could potentially result in a downward departure from the sentencing guidelines, then Petitioner would have pled guilty, and would have received a lesser sentence as a result.  (Doc. No. cv-2.)

## III.     DISCUSSION

Claims of ineffective counsel are properly raised in motions pursuant to 28 U.S.C. § 2855.  *See Thor v. United States*, 574 F.2d 215, 218 (5th Cir. 1978).  A defendant's right to effective assistance of counsel is derived from the Sixth Amendment.  U.S. Const. amend VI. The standard used to determine whether counsel's assistance was ineffective is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [could not have] produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prove that a judgment and sentence should be vacated based on ineffective assistance of counsel, Petitioner must prove the following:  (1) counsel's performance was deficient, and (2) counsel's deficiency was prejudicial.  *Id.* at 687.  Counsel's performance at trial is said to have been deficient if it "fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice,  Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  However, because both prongs must be proven, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 698.  Thus, "a court need not determine whether

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

In the instant case, even assuming Petitioner's claim that counsel failed to inform him of the potential advantages under the Federal Sentencing Guidelines of pleading guilty over going to trial, and that such a failure was so unreasonable as to render counsel's assistance deficient, Petitioner has not proven he was prejudiced by this deficiency. To prove prejudice, Petitioner must show that, but for counsel's failure to properly explain the benefits of pleading guilty, there was a reasonable probability that he would have pled guilty and would have received a reduced sentence as a result. Upon reviewing the record, the Court finds that it is highly improbable that Petitioner would have pled guilty even with a proper understanding of the potential benefits associated with a guilty plea.

At trial, Petitioner chose to testify on his own behalf. (Doc. No. cr-372 at 145–161 & cr-373 at 9–59.) During this testimony, Petitioner repeatedly denied his culpability in the drug trafficking conspiracy, and refused to accept the role he played in that conspiracy. Instead, Petitioner testified that he embarked from Guatemala on the boat, that was ultimately intercepted by the United States Coast Guard, on what he believed to be a fishing voyage. (Doc. No. 372 at 150–155 & Doc. No. 373 at 10–13.) Petitioner further testified that while at sea a go-fast boat docked next to his "fishing" boat in order to refuel, but instead of refueling, transferred bales of cocaine to his "fishing" boat. (Doc. No. 373 at 15–20.) Pursuant to his captain's orders—which he claimed to obey only because he was afraid not to—Petitioner contended he unwittingly helped transfer the bales of cocaine aboard his "fishing" boat, not knowing their content. (*Id.*) Also due to fear, Petitioner testified he helped throw the cocaine bales overboard when a Coast Guard ship approached, and then lied to Coast Guard authorities and later a customs agent about

his involvement.  (*Id.* at 26–30.)

Petitioner continued to deny his guilt  throughout his testimony.  For instance, during

direct examination, the following exchange took place when Petitioner was questioned about

what he told a customs agent:

> Q    Did you tell him you were working employed as a fisherman?
> A    Yes.
> Q    And is that true?
> A    Yes, it's true.
> Q    Did you tell him you were working for Industria Maritima Shanghai?
> A    Yes, that's true.
> Q    And was that true?
> A    Yes, it's true.
> Q    And did you tell him that your role on the Martita Lau was to be the winch operator?
> A    Yes.
> Q    Was that true?
> A    It's true.

(*Id.* at 30–31.)  This sort of absolute denial continued:
> Q    Did you tell Special Agent Chang anything about the cocaine? (Pause.)
> A    I told him that I didn't know anything about that.
> Q    And was that true?
> A    Yes, it's true.
> Q    Mr. Rotter, on Tuesday, October 22nd when you left the Port of San Jose, where did you think you were going?
> A    I—I knew that we were going fishing, but I don't know the area.
> Q    At the time you left the Port of San Jose, did you think you were going to refuel another vessel?
> A    Not at that moment.
> Q    At the time that you left the Port of San Jose, did you know anything about meeting up with Colombians and cocaine?
> A    Negative, never.

(*Id.* at 32.)

Petitioner repeatedly denied he knew he was involved in the transportation of the cocaine

found aboard his boat during cross-examination as well:

> Q    Mr. Rotter, it's my understanding, based on what you've told this jury, that you did go fishing on the Martita Lau in October of last year?

A      That's correct.

Q      And is it your testimony that you were leaving on a fishing trip?

A      Correct.

Q      And you knew nothing about, uh, going to refuel a go-fast coming from Colombia?

A      Correct.

Q      You knew nothing about that go-fast having cocaine, correct?

A      Correct.

(*Id.* at 36–37.)  Petitioner consistently testified the cocaine was loaded onto his fishing boat without his awareness.

Q      And it's your testimony that when these bales are being loaded from that go-fast onto the Martita Lau, you had no idea what they contained?

A      I realized it after.

Q      But you didn't know that at that time is your testimony?

A      Correct.

(*Id.* at 44–45.)

Given that during his testimony  the Petitioner steadfastly denied his part in the conspiracy for which he was ultimately convicted, the Court finds it implausible that he would have pled guilty under any circumstances, regardless of whether his counsel properly explained the potential benefits associated with pleading guilty.  Therefore, the Petitioner has failed to demonstrate he was prejudiced by his counsel's alleged deficiency, and in turn cannot show his counsel was ineffective.

In addition, Petitioner can not show that he was prejudiced because there is no guarantee that his sentence would have been different had he pled guilty.  Although a reduction for acceptance of responsibility is typical in a guilty plea, the Petitioner did not accept responsibility for his role in the offense. Further, reductions for minor role and the safety valve are not limited to guilty pleas. Petitioner's co-defendants who pled guilty did not receive a minor role reduction.

**IV.**      **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. cv-1) is **DENIED**.  The Clerk is instructed to enter judgment for the United States of America in Case: 8:07-CV-00776-24EAJ, terminate all other pending motions in that case, and close the case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner  "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida this 19th day of December, 2007.


SUSAN C. BUCKLEW
United States District Judge